**Lincoln v. Fisher**

*Thomas F. Sacchetta,* for plaintiff.

*Wendy Lappin-Barragree* and *Veronica W. Saltz,* for defendant Fisher.

*Tiffany M. Alexander,* for defendant HJC.

*Lisa Bellino Apelian,* for defendants Crossroad Powersports and OSCO Inc.

*Allan E. Ells,* for defendant Department of Transportation.

SNITE JR., *J.*, February 23, 2011—

## PROCEDURAL HISTORY

On June 11, 2006, appellant Kelly Lincoln (appellant in this interlocutory appeal, hereinafter referred to as appellant) was injured in a motorcycle accident. She was a passenger on a motorcycle operated by defendant Kevin Fisher (non-appealing defendant hereinafter referred to as defendant Fisher).

On June 9, 2008, appellant, through her attorney, Thomas F. Sacchetta, Esq., commenced this negligence and products liability action against defendants Kevin Fisher, Heather Loomis, HJC, HJC America Inc., Crossroad Powersports, OSCO Inc. and the Pennsylvania Department of Transportation.

On September 9, 2010, Lisa B. Apelian, Esq., filed a motion in limine for an offer of proof as to any independent negligence of crossroad, et al. on behalf of appellees Osco, Inc. and Crossroad Powersports, hereinafter referred to as appellees.[1]

---

1. For purposes of this appeal, counsel for OSCO Inc. and Crossroad Powersports, Lisa B. Apelian, Esq., has stated that the two are essentially the same entity. (N.T. 9/27/2010, p. 6)

Between September 13, 2010 and September 14, 2010, nine additional motions in limine were filed by defendants.

On September 27, 2010, at a pre-trial conference, I found appellant failed to state a cause of action against appellees.

On October 1, 2010, I entered an order granting the motion in limine, control number 10090945.

On October 8, 2010, the order dismissing appellees from the case was amended to allow the case to be immediately appealed under Pennsylvania Rule of Appellate Procedure 341(c).

On October 12, 2010, appellant, through counsel, filed a notice of appeal to the Superior Court of Pennsylvania.

On December 2, 2010, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)(1), appellant was ordered to file a concise statement of the matters complained of on appeal no later than December 27, 2010.

On December 8, 2010, appellant, through counsel, filed a statement of matters complained of on appeal.

## ISSUES ON APPEAL

Appellant presented the following issues in her statement of matters complained of on appeal:

1. The court acted within its discretion when it certified this case for immediate appeal in accordance with Pennsylvania Rule of Appellate Procedure 341(c).

2. The court erred when it determined, as a matter of law, that OSCO, Inc. and Crossroad Powersports were not negligent for selling a motorcycle to a person who

they knew was going to ride it on the street and was not qualified to do so.

3. The court erred when it determined, as a matter of law, that the actions of OSCO, Inc. and Crossroad Powersports were insufficiently outrageous to warrant an award of punitive damages.

4. The court erred when it reversed the order entered by Judge Massiah-Jackson on April 13, 2010 relating to the motion for summary judgment filed by defendant's OSCO, Inc. and Crossroad Powersports since doing so contravened the "coordinate jurisdiction rule."

## FACTUAL HISTORY

On June 6, 2006, defendant Fisher purchased a motorcycle from appellee Crossroad Powersports. (Appellees' motion in limine, Control number 10090945, Exhibit "B" at p. 107) The motorcycle was a Kawasaki 2X600R sport bike. (Appellees' motion in limine, Control number 10090945, Exhibit "C" at p. 30) The motorcycle was sold to defendant Fisher by Mariel Osner, an employee of Crossroad Powersports. (*Id.* at p. 29-30)

That day, defendant Fisher signed various documents with Crossroad Powersports to complete the sale. (*Id.* at p. 40-68) This included a credit application for financing, registration and title documents and proof of insurance. (*Id.*) Osner also made a copy of defendant Fisher's Pennsylvania Identification Photo card. (*Id.* at p. 47-48) Osner stated she knew defendant Fisher did not have a motorcycle license. (Appellant's answer to appellees' motion in limine, Control number 10090945, Exhibit "B" at p. 32-33) To complete the sale, Osner provided Fisher with a flyer containing safety and training information.

(Appellees' motion in limine, Control number 10090945, Exhibit "C" at p. 65-67) After purchasing the motorcycle, defendant, according to his perspective, did not take it home because he was "nervous and excited and didn't want anything to happen to it." (Appellees' motion in limine, Control number 10090945, Exhibit "B" at p. 107-108) A few days later, defendant Fisher returned to Crossroad Powersports with his friend, Aris DeGirmenci. (*Id.* at p. 107) Aris DeGirmenci has a valid motorcycle permit and drove defendant Fisher's motorcycle to his house. (Appellees' motion in limine, control number 10090945, Exhibit "D" at p. 25)

There is absolutely no evidence in this record that appellees would have permitted defendant Fisher to drive the motorcycle from the agency by himself. In fact, Mariel Osner testified at her deposition that they offer free deliveries or allow someone with a motorcycle license or permit to ride it off the lot. (Appellees' motion in limine, control number 10090945, Exhibit "B" at p. 26-27.) Osner also stated it would be illegal for someone to ride it off the lot without a motorcycle license, but that they are able to purchase a motorcycle. (*Id.* at p. 27) In summary, although defendant Fisher might have, in his own mind, thought he might be able to drive it himself, all the evidence demonstrates he would not have been and in fact was not permitted to do so.

On June 11, 2006, appellant Lincoln was a passenger on defendant Fisher's motorcycle. (Appellees' motion in limine, control number 10090945, Exhibit "A" at p. 2) While driving, defendant Fisher was involved in a "single car accident on Interstate 95N approximately 100 feet from the Broad Street Exit." (*Id.*) appellant Lincoln sustained personal injuries from that accident. (*Id.*)

## DISCUSSION

### CERTIFICATION

My certification of this case for immediate appeal in accordance with Pennsylvania Rule of Appellate Procedure 341(c) was correct. This action is permitted after an order dismissing various parties and/or claims is entered and "upon an express determination that an immediate appeal would facilitate resolution of the entire case." Pa. R.A.P. 341(c). The effect of my decision on October 4, 2010 released appellees from the case. Knowing an appeal was to be filed, I knew that if a mistake were made this case would be tried twice. I saw no point in trying this case against Kevin Fisher and then against appellees.[2]

### SUBSTANTIVE LEGAL ISSUES

I know of no case law that suggests a motorcycle dealer may be liable for accidents or an injury arising after the motorcycle is sold so long as someone with a valid motorcycle license has driven it off the lot, or the store delivers it to an unlicensed driver. In this case, it is not disputed that Aris DeGirmenci drove the motorcycle off the lot and possessed a valid motorcycle license. Once this occurred, any liability of appellees ceased.

My determination that the actions of appellees were insufficiently outrageous to warrant an award of punitive damages was because there was no cause of action against them. There can be no punitive damages without showing a cause of action. With regards to the merits of the case, it may have been appropriate if the evidence presented demonstrated appellees knew defendant Fisher did not

---

2. As a practical matter, defendant Fisher has minimum insurance coverage, and apparently has little or no seizable assets.

have a motorcycle license and allowed him to drive the motorcycle off of the lot. These facts are not present in this case, and therefore punitive damages are not proper.

## COORDINATE JURISDICTION

Finally, I am fully aware that the coordinate jurisdiction rule exists. This motion was filed and came before Judge Massiah-Jackson in March of 2010 as a motion for summary judgment, before it was re-raised in my courtroom in the form of a motion in limine. At that time, the case was to begin the following day and all admissible evidence was presented in support of the motion. When I received the motion, the issue was narrowly drawn and clearly stated.

With regard to any difference between the presentations, appellee took the position that appellant now conceded a legal sale and that a sufficiently licensed individual drove the motorcycle off the lot. Appellant took the position that, under law, the sale was per se negligent. Judge Massiah-Jackson's ruling, as is normally the case, did not specifically articulate her reasons for denying summary judgment. The order said, "denied." It is my position that there were no factual issues remaining for trial, other than the sole fact of a sale to a person who had no motorcycle license. (Defendant Fisher had qualified for a regular driver's license more than seven years before the accident in question) There was no question that the sale was legal; there was not a scintilla of proof that appellee would have allowed defendant Fisher to drive the motorcycle from its lot. Under the circumstances, either Judge Massiah-Jackson did not have this final factual and legal situation before her, or her ruling was clearly erroneous.[3]

---

3. During these discussions I was making rulings on what would and would not be admissible into evidence, some evidence I heard may

To accept appellant's position would be to require either that someone, under law, cannot purchase a motorcycle unless he possesses a motorcycle license; or, that the seller of a motorcycle to an individual who did not possess the appropriate license, would have to monitor that individual's taking of lessons and obtaining the appropriate license all the while when that individual was no longer in any way accessible to the seller. The point is, if one can sell a motorcycle to an individual who does not have a license, the seller cannot be continuously liable for damages.[4]

The motion in limine requested an offer of proof, and at the conclusion of the discussion I found no evidence which would be offered at trial, therefore I made my ruling. At that time, I found that a cause of action against appellees did not exist.

## CONCLUSION

This court did not err in granting the motion in limine, control number 10090945, filed by appellees OSCO, Inc. and Crossroad Powersports, for the reasons stated above. As such, the granting of appellee's motion in limine for an offer of proof as to any independent negligence of OSCO, Inc. and Crossroad Powersports should be affirmed.

---

not have been available to Judge Massiah-Jackson. There is simply no point to going back and comparing what was before me and what was offered to Judge Massiah-Jackson. My decisions resulted in creating a more narrowly-focused evidentiary basis for what would happen at trial. The motion before me was a motion in limine to which requested an offer of proof, and at the conclusion of the discussion I found there was no other evidence which would be offered at trial.

4. One of course wonders how the lack of a motorcycle license caused the accident that occurred at greatly excessive speeds. One can hardly imagine that a licensee has practiced maneuvers at 100 mph.